**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4215**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLIE MITCHELL, a/k/a Bo,

                    Defendant – Appellant.

**No. 09-4357**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SHELTON HARRIS, a/k/a Little Rock,

                    Defendant – Appellant.

**No. 09-4359**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SHELLY WAYNE MARTIN, a/k/a Wayne,

                    Defendant – Appellant.

                    _____

                    **No. 09-4361**
                    _____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SHAWN GARDNER, a/k/a Goo,

                    Defendant – Appellant.

                    _____

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  Andre M. Davis, District Judge.
(1:04-cr-00029-AMD-1;  1:04-cr-00029-AMD-2;  1:04-cr-00029-AMD-3;
1:04-cr-00029-AMD-4)

                    _____

Argued:  May 13, 2011                 Decided:  June 15, 2011

                    _____

Before TRAXLER, Chief Judge,  and SHEDD  and DUNCAN, Circuit
Judges.

                    _____

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion,
in which Chief Judge Traxler and Judge Duncan joined.

                    _____

**ARGUED:** Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt,
Maryland; Paul Martin Flannery, ROSENBERG, MARTIN & GREENBERG,
LLP, Baltimore, Maryland; Thomas Leonard Crowe, LAW OFFICES OF
THOMAS L. CROWE, Baltimore, Maryland; Adam Harris Kurland,
HOWARD UNIVERSITY SCHOOL OF LAW, Washington, D.C., for
Appellants.  Robert Reeves Harding, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Sicilia
Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for
Appellant Willie Mitchell; Barry Coburn, COBURN & COFFMAN, PLLC,

Washington, D.C., for Appellant Shawn Gardner. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

A jury convicted Willie Mitchell, Shelton Harris, Shelly Wayne Martin, and Shawn Gardner of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and, individually, of various murders as well as drug and firearm offenses. The four defendants worked together and depended on one another to sell drugs, to operate a rap music business, and to rob and murder several of their criminal associates. In this consolidated appeal, the defendants raise a total of sixteen issues. After a thorough review of all sixteen issues, we find none to have merit, and we address only three evidentiary issues: the exclusion of Herb "Coach" Lynch's testimony, the exclusion of Gardner's prior state court murder conviction, and the introduction of the defendants' courtroom behavior and pro se pleadings.

I.

"We review evidentiary rulings for abuse of discretion, and such rulings are subject to harmless error review." U.S. v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal

4

citation marks omitted).  With this framework in place, we turn to each issue.

## II.

First, Mitchell argues that the district court abused its discretion in excluding the testimony of "Coach" Lynch.  As a defense to the racketeering conspiracy charge, the defendants argued that the evidence demonstrates they were only involved in multiple, lesser conspiracies, not a single racketeering conspiracy.  In support of this defense, Mitchell wanted Lynch to testify as to his whereabouts during various time periods within the racketeering conspiracy, specifically the time Mitchell spent either incarcerated or working at the Hickey School, a juvenile detention center.  Mitchell alleges that Lynch would have testified that during those time periods "Mitchell had a rigorous daily schedule of school and practices that left little time for anything else . . . and that it would have been difficult for him to participate in a conspiracy while he was incarcerated or working at Hickey [School]." (Appellant's Br. at 99.)

Prior to Lynch's testimony, one of the jurors informed the court that he knew Lynch as his son's athletic mentor and

5

trainer.[1]  The juror saw Lynch every two days at his son's practices and planned to continue seeing Lynch on this schedule throughout the trial.  Based upon this information, the government moved to excuse the juror, but the attorneys for all four defendants opposed the motion.  The court offered several options to Mitchell's counsel, including entering a stipulation as to Lynch's testimony.  After Mitchell's counsel refused these options, the district court decided to preclude Lynch's testimony because the evidence was amenable to a stipulation, all defense counsel opposed dismissing the juror, and there was a "truly intimate relationship between this juror and this fact witness."  (J.A. 822.)

We believe that any error in excluding Lynch's testimony was harmless.  Lynch was not going to testify as to evidence regarding any of the charged conduct.  Moreover, Mitchell's counsel called substitute witnesses that provided similar testimony.  Therefore, in light of the Government's overwhelming evidence of guilt presented throughout the trial, there was sufficient evidence to sustain the jury's verdict even without this challenged evidence.

---

[1] During voir dire, Mitchell's counsel did not provide Lynch's first name, referring to him as "Coach" Lynch.  The juror knew Lynch as "Herb Lynch, Certified Personal Trainer."

Next, Gardner argues that the district court abused its discretion in excluding evidence of his prior state court murder conviction. Gardner had previously been convicted in Maryland state court and sentenced to a life term for the murder of Tanya Jones-Spence, one of the murders also charged in this case. Likewise, the Government's cooperating witness, William Montgomery, had also testified in the state trial. Therefore, in this trial, the district court instructed Gardner's counsel that when cross-examining Montgomery he could bring out the fact that Montgomery had testified in a prior proceeding before a jury. However, the court forbade counsel from introducing evidence of Gardner's conviction in that proceeding.

Only relevant evidence is admissible. Fed. R. Evid. 401, 403. Even assuming evidence of Gardner's prior conviction was relevant, such evidence may be excluded when its probative value is substantially outweighed by the potential for "unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. In this case, the district court excluded this evidence because of its concern about confusion of the

issues, waste of time, and the potential for prejudice to both Gardner and the other defendants.[2]

We find that the district court did not abuse its discretion in holding that the probative value of evidence of Gardner's prior state conviction was substantially outweighed by its potential for jury confusion and prejudice and, thus, should be excluded. Presenting this jury with a previous jury's guilty verdict for the exact crime charged in this case would have certainly been both prejudicial and confusing.

IV.

Finally, all four defendants argue that the district court abused its discretion by allowing the Government to introduce evidence of their pre-trial courtroom behavior and pro se pleadings. Specifically, during pretrial hearings, the four defendants repeatedly engaged in disruptive behavior through coordinated and identical demonstrations. The defendants gave

---

[2] Specifically, the court stated it was primarily concerned about the prejudicial effect such evidence would have. "[O]nce we go there [putting the conviction and sentence before the jury], it is beyond me how in any coherent way you can maintain innocence through a non-concession of guilt when you've told the jury or had the Court tell the jury or conceded in front of the jury that there has been a trial, Montgomery testified, a jury listened to that evidence as well as other evidence, and found beyond a reasonable doubt that Mr. Gardner had committed this murder or, and/or aided and abetted in the commission of this murder and/or conspired to commit this murder." (J.A. 1211.)

identical speeches rejecting the jurisdiction of the district court over them as live "flesh and blood" men and denouncing the Government, the district court, and their attorneys. They also submitted identical pro se pleadings.

In its fourth superseding indictment, the Government alleged that the racketeering conspiracy continued through the trial and that a purpose of the conspiracy was "[p]reventing and obstructing the arrest and prosecution of members and associates through . . . disruption of court proceedings." (J.A. 457-458.) In order to prove this charge, the Government introduced the above evidence of the defendants' coordinated behavior. On appeal, the defendants argue that the introduction of this evidence violates their Sixth Amendment right to mount their own defense.

We again conclude that, even assuming the district court abused its discretion in admitting this evidence, any error was harmless. The jury convicted all four defendants not only of the racketeering conspiracy but also of multiple, substantive, predicate counts. The evidence presented throughout the nine week trial detailing the four defendants' concerted activities in furtherance of the racketeering enterprise was abundant and sufficient to sustain the jury's verdict even without this challenged evidence.

V.

For the foregoing reasons we affirm the convictions of Willie Mitchell, Shelton Harris, Shelly Wayne Martin, and Shawn Gardner.

<u>AFFIRMED</u>